J-A04028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LUIS SOTO | : | |
| | : | |
| Appellant | : | No. 796 EDA 2020 |

Appeal from the PCRA Order Entered January 31, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0007170-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LUIS SOTO | : | |
| | : | |
| Appellant | : | No. 797 EDA 2020 |

Appeal from the PCRA Order Entered January 31, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0007171-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LUIS SOTO | : | |
| | : | |
| Appellant | : | No. 798 EDA 2020 |

Appeal from the PCRA Order Entered January 31, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0007172-2013

J-A04028-21

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :         PENNSYLVANIA
                Appellee        :
                                :
           v.                   :
                                :
LUIS SOTO                        :
                                :
                Appellant       :         No. 799 EDA 2020

Appeal from the PCRA Order Entered January 31, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0007173-2013

BEFORE:   STABILE, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                    **FILED:  March 12, 2021**

Appellant, Luis Soto, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The trial court previously set forth the relevant facts of this case as follows:

> On April 9, 2013, in the late afternoon hours, a large crowd of people gathered at Water and Somerset Streets in Philadelphia.  A fight subsequently broke out between several female members of this crowd, when three unknown women attacked Ashley Soberal.  Amanda Martinez, the decedent, was amongst the crowd, watching the fight.  After the fight, [Appellant] and an unnamed friend had a conversation in a nearby lot on Somerset Street with Madeline Soberal, the mother of the girl who had been attacked.  There was a large crowd of people in the lot at this time.  While [Appellant], his friend and Madeline Soberal

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

- 2 -

were talking, [Appellant] had his hands in the area of his waist, as if he was in possession of a firearm. Madeline Soberal believed that [Appellant] and his friend were responsible for the three women attacking her daughter. After she asked [Appellant's] friend multiple times whether he got the three women to "jump" Madeline Soberal's daughter, [Appellant's] friend admitted that he did so. Right after that admission, someone from the crowd came from behind her and punched [Appellant's] friend in the face. [Appellant] was also identified as "Bebe." After [Appellant's] friend was punched, [Appellant] drew a firearm and began shooting multiple times at the crowd. As [Appellant] fired, the crowd began to flee the area. Madeline Soberal took cover behind a Buick where she encountered Amanda Martinez, who had been struck by a bullet and who asked Soberal to stay with her. Soberal told Martinez that she would stay with her until an ambulance arrived. As [Appellant] left the area, he was still in possession of the firearm.

Police responded at approximately 5:50 p.m. Upon arriving at the scene, police encountered a chaotic crowd of over 100 people and attempted to locate any victims, finding Martinez laying in a pool of blood. Martinez was placed into a private vehicle and rushed to Episcopal Hospital. Martinez was later pronounced dead at the hospital, having suffered a gunshot wound which penetrated her chest, heart, and lungs. Police also identified Jose Torres, Carl Walden, and Larry Robinson as shooting victims. Torres had been shot twice in the groin area. Walden had been shot in his right leg. Both Torres and Walden were transported to Temple University Hospital for medical care. Robinson was transported to Episcopal Hospital by private vehicle, where he was treated for a gunshot wound to his stomach. Seven .40 caliber Smith & Wesson fired cartridge casings were recovered at the scene. Police also recovered two bullet specimens, a bullet jacket, and a bullet core. Subsequent analysis showed that the bullets and bullet jacket were all fired from the same firearm. All seven cartridge casings were also fired from the same weapon.

(Trial Court Opinion, filed February 24, 2016, at 2-4) (internal citations omitted).

Following a consolidated trial,[2] a jury convicted Appellant on August 31, 2015, of third-degree murder, carrying a firearm without a license, carrying a firearm on the streets of Philadelphia, possessing an instrument of crime, and three counts of aggravated assault. On December 4, 2015, with the benefit of a pre-sentence investigation ("PSI") report, the court sentenced Appellant to an aggregate term of fifty to one hundred years' incarceration. Specifically, the court sentenced Appellant in the aggravated range for each of the three counts of aggravated assault, and ran those sentences consecutive to each other. (*See* N.T. Sentencing, 12/4/15, at 18-20). Appellant did not object, nor did he argue for either a mitigated sentence or concurrent sentences. After the court imposed sentence, the court instructed Appellant that if he wished to challenge his sentence he would be required to file a post-sentence motion and his failure to do so would result in a waiver of that challenge. (*Id.* at 21). Appellant did not file a post-sentence motion. Instead, Appellant filed a notice of appeal, and this Court affirmed Appellant's judgment of sentence on August 1, 2017. *See Commonwealth v. Soto*, 175 A.3d 1039 (Pa.Super. 2017) (unpublished memorandum).

On August 21, 2017, Appellant filed a timely *pro se* PCRA petition alleging, *inter alia*, that trial counsel was ineffective for failing to file a post-sentence motion challenging the discretionary aspects of his sentence. (*See*

---

[2] The Commonwealth filed charges against Appellant at four separate docket numbers, one for each of the victims Appellant shot.

PCRA Petition, filed 8/21/17, at 4). The court appointed counsel, and on June 21, 2019, counsel filed an amended PCRA petition. Appellant's amended PCRA petition did not allege trial counsel's ineffectiveness for failing to file a post-sentence motion. (*See* Amended PCRA Petition, filed 6/21/19). Instead, Appellant's amended PCRA petition raised only: (1) **appellate** counsel's ineffectiveness for failing to challenge the discretionary aspects of Appellant's sentence on direct appeal; and (2) a claim of after-discovered evidence. (*Id.* at unnumbered pp. 1-2). In support of his after-discovered evidence claim, Appellant offered two certifications signed by a private detective. The certifications consisted of summaries of telephone interviews that the detective conducted with two witnesses, Carl Walden and LaShonda Sutton. The private detective signed each certification, but Walden and Sutton did not.

On December 6, 2019, the court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, advising Appellant that he had twenty days to file a response, and his failure to do so would result in dismissal of his PCRA petition. With respect to Appellant's claim concerning after-discovered evidence, the court stated that "[t]his claim is denied because your petition failed to include proper certification for your proffered witnesses." (*See* Rule 907 Notice, filed 12/6/19, at unnumbered pp. 1-2). Appellant did not respond to the Rule 907 notice or correct the defects in his certifications. Consequently, the court denied PCRA relief on January 31, 2020.

On February 27, 2020, Appellant timely filed four separate notices of appeal at each underlying docket number. The next day, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely complied on March 16, 2020. This Court consolidated the appeals *sua sponte* on July 10, 2020.

Appellant raises the following issues for our review:

> Did the [PCRA] court err in denying PCRA relief where both trial and direct appeal counsel were ineffective for failing to challenge the discretionary aspects of sentence where the [PCRA] court's imposition of consecutive aggravated range sentences for three counts of aggravated assault and a consecutive sentence for the statutory maximum for third degree murder created the functional equivalent of a life sentence that failed to take into account [Appellant's] lack of violent offenses in his prior criminal record?
>
> Did the [PCRA] court err in denying, without a hearing, [Appellant's] claims in his amended PCRA petition relating to the newly discovered evidence of witnesses Carl Walden and LaShonda Sutton?

(Appellant's Brief at 3).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101, 108 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal

conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa.Super. 2012).

In his first issue, Appellant argues that both trial counsel and appellate counsel were ineffective for failing to challenge the discretionary aspects of his sentence. Appellant asserts his claim has arguable merit because the court failed to consider Appellant's lack of prior violent offenses when fashioning Appellant's sentence. Appellant maintains that no reasonable basis exists for trial counsel's and appellate counsel's failure to challenge his sentence. Appellant insists counsels' failure to attack the discretionary aspects of his sentence prejudiced Appellant because he could have been spared years in prison had counsel preserved his sentencing challenge. Appellant concludes that trial counsel's and appellate counsel's ineffectiveness warrants remand for a new sentencing hearing. We disagree.

Initially, we observe that Appellant did not raise any claim concerning **trial** counsel's ineffectiveness in his amended PCRA petition. Instead, Appellant's amended PCRA petition alleged only **appellate** counsel's ineffectiveness. (**See** Amended PCRA Petition, filed 6/21/19, at unnumbered p. 1). The PCRA court deemed Appellant's claim of trial counsel's ineffectiveness waived on this basis. (**See** PCRA Court Opinion, filed June 9, 2020, at 6). Under these circumstances, we agree with the PCRA court's finding of waiver. ***See Commonwealth v. Ortiz***, 241 A.3d 368 (Pa.Super. filed Oct. 6, 2020) (unpublished memorandum) (explaining that PCRA court is

only permitted to address issues raised in counseled PCRA petition; holding appellant waived claims on appeal that were initially raised in *pro se* PCRA petition but abandoned in counseled, amended PCRA petition).[3] **See also Commonwealth v. Jette**, 611 Pa. 166, 23 A.3d 1032 (2011) (discussing bar against hybrid representation during PCRA review); **Commonwealth v. Pursell**, 555 Pa. 233, 251, 724 A.2d 293, 302 (1999), *cert. denied*, 528 U.S. 975, 120 S.Ct. 422, 145 L.Ed.2d 330 (1999) (explaining: "[Supreme Court] will not require courts considering PCRA petitions to struggle through the *pro se* filings of defendants when qualified counsel represent those defendants").

Even if Appellant preserved his claim concerning trial counsel's alleged ineffectiveness, it would merit no relief. The law presumes counsel has rendered effective assistance. **Commonwealth v. Williams**, 597 Pa. 109, 950 A.2d 294 (2008). To prevail on a claim of ineffective assistance of counsel, a petitioner bears the burden to prove his claims by a preponderance of the evidence. **Commonwealth v. Turetsky**, 925 A.2d 876 (Pa.Super. 2007), *appeal denied*, 596 Pa. 707, 940 A.2d 365 (2007). The petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel had no reasonable strategic basis for the asserted action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the

---

[3] An unpublished non-precedential memorandum decision of the Superior Court filed after May 1, 2019, may be cited for its persuasive value. **See** Pa.R.A.P. 126(b)(1) and (2).

outcome of the proceedings would have been different. *Id.* "Where it is clear that a petitioner has failed to meet any of the three, distinct prongs of the…test, the claim may be disposed of on that basis alone, without a determination of whether the other two prongs have been met." *Commonwealth v. Steele*, 599 Pa. 341, 360, 961 A.2d 786, 797 (2008).

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…." *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the "reasonable basis" test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

*Pierce, supra* at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. [A] criminal [appellant] alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Commonwealth v. Chambers*, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002)

(internal citations and quotation marks omitted).

To succeed on an ineffectiveness claim for failure to preserve a challenge to the discretionary aspects of sentencing, the petitioner must demonstrate the underlying sentencing claim entitles the petitioner to relief. **Commonwealth v. Jones**, 942 A.2d 903 (Pa.Super. 2008), *appeal denied*, 598 Pa. 764, 956 A.2d 433 (2008). **See also Commonwealth v. Reaves**, 592 Pa. 134, 923 A.2d 1119 (2007) (providing claim of ineffectiveness for failure to preserve discretionary sentencing issue requires showing of reasonable probability that sentencing court would have imposed lesser sentence).

Here, the court explained its sentencing decision as follows:

> In particular, in fashioning an appropriate sentence, the [c]ourt explicitly considered the following: everything that was presented during the history of the case; the evidence adduced at trial; everything that was presented during [Appellant's] sentencing hearing, including the [PSI]; the victim impact statement from the decedent's mother; all of the mitigating evidence that was presented on behalf of [Appellant]; the Sentencing Guidelines; the need for the protection of the public; the gravity of the offense in relation to the impact on the victim and on the community; and [Appellant's] rehabilitative needs. Specifically, the [c]ourt noted that it had grave concerns for the protection of the public because [Appellant], who had five prior convictions involving drugs and was on parole and probation, demonstrated a disregard for the rule of law by indiscriminately firing a gun into a crowd, which killed one person and wounded three others.
>
> \*   \*   \*
>
> Moreover, there were several factors that warranted aggravated range sentences for the three aggravated

assault causing serious bodily injury convictions. First, the [c]ourt observed that [Appellant's] outrageous conduct endangered not just the lives of his intended targets, but also the lives of many other individuals who were gathered on Water and Somerset Streets. The [c]ourt opined that the Sentencing Guidelines did not contemplate [Appellant's] act of haphazardly firing multiple times into a large crowd, which not only killed one individual, but also caused serious bodily injury to three others. Further, the [c]ourt considered as a significant factor that warranted sentences in the aggravated range that [Appellant] was on probation and parole at the time of the incident and had squandered numerous opportunities to turn his life around. The [c]ourt also stated the consecutive sentences were justified because there were four separate victims, all of whom were seriously affected by [Appellant's] outrageous conduct.

(PCRA Court Opinion at 8-9) (internal record citations omitted).

The court noted that it "considered the mitigating evidence presented by counsel, which included [Appellant's] lack of prior violent offenses." (*See* N.T. Sentencing at 7-8, 17). The court further explained that Appellant's sentence did not constitute a life sentence because Appellant was twenty-five years old at the time of this shooting, and thus, he could be eligible for parole in his seventies. (*See* PCRA Court Opinion at 10).

Additionally, the court had the benefit of a PSI report, which the court considered at sentencing. (*See* N.T. Sentencing at 4); *See Commonwealth v. Devers*, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988) (stating: "Where [PSI reports] exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors"). The record indicates the court considered Appellant's prior record, the

circumstances of the altercation, and the impact Appellant's actions had on the victims. The court also considered Appellant's lack of prior violent offenses.

Under these circumstances, Appellant has failed to establish a reasonable probability that the sentencing court would have imposed a lesser sentence had trial counsel preserved a challenge to the discretionary aspects of Appellant's sentence. *See Reaves, supra*; *Jones, supra*. To the contrary, the court specifically held that Appellant's sentence "was fully justified." (PCRA Court Opinion at 6). Further, because Appellant cannot establish that trial counsel was ineffective, his derivative claim of appellate counsel's ineffectiveness must also fail. *See Commonwealth v. Rainey*, 593 Pa. 67, 928 A.2d 215 (2007) (stating layered claim of appellate counsel's ineffectiveness relates back to actions of trial counsel, so that three-prong test for trial counsel's ineffectiveness, if satisfied, supplies arguable merit prong of claim of appellate counsel's ineffectiveness; as appellant has failed to establish ineffectiveness of trial counsel, this necessarily defeats his claim of appellate counsel ineffectiveness).

In his second issue, Appellant argues that the court erred in denying PCRA relief without first holding an evidentiary hearing on his after-discovered evidence claim. Appellant alleges that he satisfied the after-discovered evidence requirement by submitting two certifications summarizing the testimony from his proffered witnesses, Carl Walden and LaShonda Sutton.

Appellant contends that these witnesses could have offered testimony contradicting testimony from the Commonwealth's eyewitnesses at trial. Appellant concludes that the inconsistencies between the proffered testimony from his witnesses and the trial testimony entitle him to a new trial, or at least an evidentiary hearing. We disagree.

A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. ***Commonwealth v. Wah***, 42 A.3d 335 (Pa.Super. 2012). Further, the PCRA governs requests for evidentiary hearings as follows:

**§ 9545. Jurisdiction and proceedings**

\* \* \*

**(d) Evidentiary hearing.—**

(1) The following apply:

(i) Where a petitioner requests an evidentiary hearing, the petition shall include a certification signed by each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony.

(ii) If a petitioner is unable to obtain the signature of a witness under subparagraph (i), the petitioner shall include a certification, signed by the petitioner or counsel, stating the witness's name, address, date of birth and substance of testimony. In lieu of including the witness's name and address in the certification under this subparagraph, counsel may provide the witness's name and address directly to the Commonwealth. The certification

under this subparagraph shall include any documents material to the witness's testimony and specify the basis of the petitioner's information regarding the witness and the petitioner's efforts to obtain the witness's signature. Nothing in this subparagraph shall be construed to contravene any applicable attorney-client privilege between the petitioner and postconviction counsel.

(iii) Failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible.

42 Pa.C.S.A. § 9545(d)(1). **See also** Pa.R.Crim.P. 902(A)(15) (discussing content of PCRA petition and request for evidentiary hearing).

Significantly, however, "it is improper to affirm a PCRA court's decision on the sole basis of inadequate witness certifications where the PCRA court did not provide notice of the alleged defect." **Commonwealth v. Pander**, 100 A.3d 626, 642 (Pa.Super. 2014) (*en banc*), *appeal denied*, 631 Pa. 712, 109 A.3d 679 (2015). Thus, when a PCRA court is presented with a PCRA petition that is defective in form or content, the judge should notify the petitioner of the nature of the defects and provide an opportunity for the petitioner to amend the petition. **See** Pa.R.Crim.P. 905(B), *Comment*.

To obtain relief based upon after-discovered evidence, a PCRA petitioner must establish:

(1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

**Commonwealth v. Washington**, 592 Pa. 698, 715, 927 A.2d 586, 595-96

(2007). The after-discovered evidence must be producible and admissible. ***Commonwealth v. Small***, 647 Pa. 423, 442, 189 A.3d 961, 972 (2018).

Instantly, the PCRA court concluded that Appellant's witness certifications failed to substantially comply with the PCRA requirements. (***See*** PCRA Court Opinion at 12). Specifically, the court decided that Appellant's proffered witness certifications constituted inadmissible hearsay because Appellant failed to procure the witnesses' signatures on them. (***Id.***) The court noted that only a private detective signed the certifications, and the certifications did not contain Appellant's or his attorney's signature. Further, Appellant did not explain his failure to obtain the required signatures. (***Id.***)

We agree with the PCRA court's analysis that Appellant's proffered witness certifications were defective. ***See*** 42 Pa.C.S.A. § 9545(d)(1). The PCRA court informed Appellant of the defects in his witness certifications in the court's Rule 907 notice, but Appellant did not correct the error. ***See Pander, supra***. Thus, Appellant was not entitled to an evidentiary hearing on his claim of after-discovered evidence. Moreover, we agree with the PCRA court that the certifications signed only by a private detective rendered the proposed testimony inadmissible. ***See*** 42 Pa.C.S.A. § 9545(d)(1)(iii). As such, Appellant's claim of after-discovered evidence fails. ***See Small, supra***. Based upon the foregoing, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/12/21